IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BLAKENEY and TIFFANY BLAKENEY, <br><br>  Plaintiffs, <br><br> v. <br><br> PACKAGING CORPORATION OF AMERICA, <br><br>  Defendant <br><br> v. <br><br> R.D. STEWART COMPANY, <br><br>  Third-Party Defendant. | 2:23-cv-1453-NR |

## **ORDER**

Before the Court is third-party defendant R.D. Stewart Company's motion to dismiss Plaintiffs Michael and Tiffany Blakeney's amended complaint, or, in the alternative, a motion for a more definite statement. ECF 21. On July 7, 2023, the Blakeneys filed a complaint in the Court of Common Pleas of Allegheny County, which Defendant Packaging Corporation of America timely removed to this Court. ECF 1. Packaging Corp. answered on August 21, 2023 (ECF 6) and filed a third-party complaint against R.D. Stewart on October 9, 2013 (ECF 14). On November 6, 2023, the Blakeneys amended their complaint, to add a claim for negligence (Mr. Blakeney) and a claim for loss of consortium (Mrs. Blakeney) against R.D. Stewart directly. ECF 20.[1]

In the amended complaint, Mr. Blakeney alleges that he was carrying a ladder as part of his job at Packaging Corp. when the ladder caught on a bolt securing a guardrail to the floor and caused him to fall and injure his finger. ECF 20, ¶ 10.

---

[1] The Court applies the familiar Rule 12 standard in analyzing R.D. Stewart's motion, accepting all factual allegations in the complaint as true. *Murray v. Capio Partners*, No. 23-842, 2023 WL 4956443, at *2 (W.D. Pa. Aug. 3, 2023) (Horan, J.).

Packaging Corp. originally installed the guardrail system, but when it needed the guardrail system moved to a new location, it hired R.D. Stewart to move it. *Id.* at ¶ 8. According to R.D. Stewart, it installed the guardrail system as it existed at the time Mr. Blakeney was injured, and Packaging Corp. accepted R.D. Stewart's work. *Id.* The problem, though, was that "[o]ne of the bolts that was securing fence/guardrail to the floor protruded above the nut, creating a dangerous condition." *Id.* at ¶ 9. According to the amended complaint, R.D. Stewart was negligent in selecting the wrong bolt, installing the bolt, failing to inspect the bolt, and otherwise failing to warn or cordon off that area. *Id.* at ¶ 17.

In its motion to dismiss, R.D. Stewart makes two main arguments—neither of which is persuasive.

First, R.D. Stewart argues that Mr. Blakeney's negligence claim fails because there is no legally recognized duty of care that it owed to Mr. Blakeney. ECF 22, p. 4. The Court disagrees. Based on well-settled Pennsylvania law, the Court finds that R.D. Stewart, as a contractor, had a duty of care to Mr. Blakeney, who was allegedly injured by the work that R.D. Stewart had performed.

Pennsylvania has adopted section 385 of the Restatement (Second) of Torts, which states that contractors who perform work for a possessor of land are liable for bodily harm to others caused by the dangerous condition created by the contractor's work even after the work has been accepted by the possessor. *Prost v. Caldwell Store, Inc.*, 187 A.2d 273, 277 (Pa. 1963). Under Pennsylvania law, "a party to a contract has a broader duty to all individuals who are not parties thereto[.]" *Brown v. City of Oil City*, 294 A.3d 413, 422 (Pa. 2023). This duty applies even if the contractor has completed the work and is not in possession of the premises at the time of the injury. *Prost*, 187 A.2d 277.

Based on these principles, R.D. Stewart had a duty as a matter of law to protect any individuals from any dangerous condition created by its work even after the work

was accepted by Packaging Corp. and even though R.D. Stewart was not in possession of the property at the time the injury occurred.

Second, R.D. Stewart argues that even if it had a duty of care, it never created a dangerous condition or knew about any such dangerous condition. This argument is too fact-dependent for the Court to consider. Mr. Blakeney specifically alleges in the amended complaint that the bolt created a dangerous condition because it protruded above the nut. ECF 20, ¶ 17a. Whether a dangerous condition exists and R.D. Stewart's knowledge of it are questions for the factfinder. *Pa. Turnpike Comm'n v. Nationwide Trucking Servs., Inc.*, 319 F. Supp. 2d 569, 581 (W.D. Pa. 2004) (Gibson, J.) ("[i]t is well settled Pennsylvania law that the issue of whether a dangerous condition exists is not a question of law for the court but rather a question of fact for the jury to resolve.").

In the alternative, R.D. Stewart moves for a more definite statement requiring Mr. Blakeney to amend his negligence claim to identify the legally recognized duty of care and how R.D. Stewart's work for Packaging Corp. breached that duty. ECF 22, p. 6. Under Rule 12(e), parties "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The basis for motions under Rule 12(e) is "unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran and Assocs.*, 708 F. Supp. 684, 691 (W.D. Pa. 1989) (Smith, J.). "As long as the defendant is able to respond, even if only with a simple denial, in good faith and without prejudice, the Complaint is deemed sufficient for purposes of Rule 12(e)." *Id.*

In the amended complaint, Mr. Blakeney alleges that R.D. Stewart was negligent:

> a. In installing the bolt so that it protruded above the nut creating a dangerous condition;
> b. in failing to cut the bolt so that it was flush with the top of the nut;

c. In failing to place a covering over the bolt and nut to prevent objects from getting caught on the bold;
d. In failing to warn of the presence of the protruding bolt;
e. In failing to inspect the area;
f. In failing to reasonably inspect the position of the bolt;
g. In failing to properly train its employees on how to properly install the bolt;
h. In allowing the premises to remain unsafe due to the presence of the protruding bolt;
i. In selecting a bolt that was excessively long to secure the post.
j. In failing to cordon off the area around the bolt.

ECF 20, ¶¶ 17a.-17j.

Based on these allegations, Mr. Blakeney has pled his negligence claim against R.D. Stewart with sufficient specificity. The allegations are not "so vague, ambiguous, or unintelligible" that R.D. Stewart "cannot frame a responsive pleading." *Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 375 (E.D. Pa. 1996).

*   *   *

For the above reasons, the Court finds that the Blakeneys' amended complaint sets forth a plausible claim against R.D. Stewart. Thus, R.D. Stewart's motion to dismiss and, in the alternative, for a more definite statement, is hereby **DENIED**.

Date: January 26, 2024                    BY THE COURT:

                                          /s/ J. Nicholas Ranjan
                                          United States District Judge