IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BLAKENEY and TIFFANY BLAKENEY, <br><br> Plaintiffs, <br><br> v. <br><br> PACKAGING CORPORATION OF AMERICA; R.D. STEWART COMPANY, <br><br> Defendants. | 2:23-cv-1453-NR |

### **ORDER**

Plaintiffs' predicate claim here is for negligence. Defendants move for summary judgment on that claim, arguing that Plaintiffs have failed to present sufficient evidence as to causation for the claim to procced to a jury. ECF 38. Specifically, Defendants argue that because Mr. Blakeney did not personally observe his ladder getting caught on the protruding bolt at issue, there is insufficient evidence of causation. ECF 39, p. 6. After careful review of the record evidence, the Court disagrees and denies the motion.

A plaintiff may use circumstantial evidence to prove causation. *Lowe v. Pirozzi*, No. 05-5048, 2006 WL 1147238, at *3 (E.D. Pa. Apr. 26, 2006). A plaintiff need not "prove with mathematical exactness that the accident could only have been caused in one manner to the exclusion of all other possibilities, but he must eliminate those other causes, if any, as were fairly suggested by the evidence[.]" *Cuthbert v. City of Phila.*, 209 A.2d 261, 263-64 (Pa. 1965) (cleaned up).

Here, Plaintiffs have presented sufficient circumstantial evidence of causation. Mr. Blakeney testified that the ladder caught on something, which he later identified as the bolt at issue when he returned to the scene. ECF 38-2, 50:14-16 (Mr.

Blakeney's testimony that the ladder caught on the bolt); ECF 38-4 44:10-20 (Mr. Blakeney's coworker's testimony about Mr. Blakeney identifying the bolt as the cause of the accident the next day). True, Mr. Blakeney did not see the foot of the ladder getting caught on the bolt. ECF 38-2, 51:13-15 ("Q. But you don't know that for a fact, because you didn't see that happen, correct? A. No, I didn't see it happen."). But he walked by the bolt with the ladder, the ladder got caught on something by the bolt, he later went back and saw the bolt in that area, and there is no evidence of some plausible alternative item on which the ladder got caught. *Id.*, 40:14-41:15 (testifying that as he walked with the ladder, "something" grabbed the ladder and caused it to stop), 50:5-13 (identifying bolt as cause of the accident in a photograph because "there's nothing else there for that ladder to have gotten caught on but that bolt sticking out of the floor.").

All of these facts and reasonable inferences, construed in Plaintiffs' favor, create a genuine dispute of fact on causation, and are sufficient for them to present their case to the jury.[1] *See Lowe*, 2006 WL 1147238, at *4 (denying summary judgment where plaintiff testified that she tripped over an irregularity in the sidewalk and identified the spot when she returned to the scene); *Mack v. Pilot Travel Centers, LLC*, No. 14-90, 2015 WL 9946411, at *6 (M.D. Pa. Dec. 22, 2015) (denying summary judgment because plaintiff testified that he stepped in water and fell and his clothes were wet after his fall, even though he didn't see the water until after he fell), *report and recommendation adopted*, No. 14-90, 2016 WL 374436 (M.D. Pa. Feb. 1, 2016); *Iavaroni v. Woodloch Pines Resort*, No. 14-1327, 2016 WL 796057, at *6 (M.D. Pa. Feb. 26, 2016) (testimony about white and blue substance on plaintiff's shoe

---

[1] The Court declines to consider Defendants' subsequent remedial measures (the bolt cutting) as part of this analysis, because that is likely inadmissible evidence. To the extent that Plaintiffs seek to introduce that evidence at trial, that should be raised in the context of a fully briefed motion *in limine*.

- 3 -

following slip-and-fall in location where employee stated that a contest involving white and blue pudding was held sufficient to deny summary judgment).

The motion (ECF 38) is therefore **DENIED**.

Date: April 5, 2024                                       BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge
